# THE LAW OFFICE OF EDWARD HANRATTY

| | |
|---|---|
| **Edward Hanratty, Esq.** | **80 Court Street** |
| Admitted in NJ,PA,WV | Freehold, NJ 07728 |
| | Tel:732-866-6655 |
| **www.centralnewjerseybankruptcylawyer.com** | Fax: 732-734-0651 |

July 26, 2020

Hon. Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
Hon. Clarkson S. Fisher, Sr. Federal Building
402 East State Street
Trenton, NJ 08608
*Via: ECF*

>    *Re: Edward & Christina Nevius*
>    *Case No. 20-10395-MBK*
>    *Motion to Fix Proof of Claim 7*

Your Honor,

    Please accept this letter in lieu of a more formal brief in support of debtor's objection and by way of reply to the creditor's response to the claim set forth above.

    The creditor's assertion that 11 USC 1322(b)(2), the anti-modification provision of the code, should apply, is misplaced. 11 USC 1322(e) explicitly instructs that 11 USC 1322(b)(2) is to be disregarded should the debtor propose plan to cure the default ("if it is proposed in a plan to cure a default, the

amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law"). In the present case, the debtor has proposed a plan that relies on obtaining a loan modification, which would cure the default albeit consensually. Alternatively, there is no confirmed plan in place, and the debtor may amend its plan. But a feasible cure plan in the instant case would probably only arise should the creditor's post-judgment rights be restricted to those afforded under applicable state law.  To require a debtor to propose an infeasible plan runs contrary to the bankruptcy codes requirement that the debtor propose a plan in good faith.  Not permitting the debtor to have a determination under 11 USC 1322(e) of the amount due the secured creditor because the debtor cannot propose a "classic" cure plan is inequitable, as it gives the creditor the benefit of a possibly over-valued claim and the debtor no ability to challenge that valuation so as to propose a feasible plan on facts rather than assertions.

   The creditor's assertion of In re Goione, 595 B.R. 477 (D.N.J. 2019), is likewise misplaced. In that case 11 USC 1322 (e) was not raised. The briefs and opinion to not mention 11 U.S.C. 1322(e).  The facts of Goione were that there was an over-secured creditor seeking post-judgment interest under 11

USC 506(b), and the debtor asserted that only the post-foreclosure judgment rate of interest was due.  In Goine, the real estate was sold prior confirmation and there was no plan to cure pending, proposed or factually possible.  Here, the creditor is indisputably under secured, there is a cure plan proposed, and the determination of the instant objection will determine if the cure will be by loan modification of by "classic" cure.  Again, 11 USC 1322(e) directs that 11 USC 506(b) be ignored under an analysis to establish amounts due to cure a default).  The creditors in Goione also asserted that 11 USC 1332(b) forbade the imposition of the post-judgment interest rate as the debt at issue was a first mortgage.  Because the propose plan was for the sale of the subject collateral, the court permitted the imposition of the post-judgment, rather than contract, interest rate.

The Goione court did make a point that is relevant to this matter. The Goione court stated:" The Debtors in this case have not modified Amboy's rights under their plan, as the closing on the sale and satisfaction of Amboy's claim has occurred prior to confirmation." That is relevant to this matter because in this case, the debtor has not yet confirmed a plan, is not asserting

an ability to alter the creditor's secured status, right to a cure or any other rights, be they contractual or statutory. The debtor is asserting his right to have the amount due on the claim for arrears fixed pursuant to the contract and applicable state law, so that a feasible cure plan can be completed (be it by "classic" cure of loan modification) and a discharge obtained.

The issue before the court today is analogous to the issue present in In re Hatala, 295 B.R. 62 (D.N.J. 2003) and In re Lipscomb (05-18722 JHW (D.N.J. 2006), attached hereto as Exhibit A).

In those two cases, the court considered the applicability of the New Jersey Court Rules to the calculations of amounts due on secured claims. Both courts cited NJCR 4:42-9 as setting forth a state law limitation of the amount of attorney fees and costs that could be imposed in connection with a foreclosure. The Hatala court reasoned, and the Lipscomb court agreed, that enhancing the rights of a secured creditor/judgment holder beyond what state law permitted not only injured the debtor, but reduced the likelihood of a dividend to other creditors, thereby injuring the estate. Both courts agreed it would be inequitable to allow a secured creditor a greater share of the estate assets

where state law forbade such enhancement, and the bankruptcy code contained no contrary provision for such enhancement.

In re Mendes, 600 B.R. 321 (D.N.J. 2019), present d a factual scenario similar to Hatala and Lipscomb. The debtor sought adjudication of the amount due on a foreclosure judgment- specifically the attorney fees and costs, which as claimed exceeded those permitted by New Jersey law. However, none of the parties asserted 11 USC 1322(e), and the only relief granted was relief form the stay limited to permitting the creditor to seek relief in the state court to set the fees and costs due on the judgment.

By asserting that the contract rate of interest should be imposed after the entry of final judgment, the creditor is asserting more rights than they have under state law. Absent the filing of the bankruptcy petition and the entry of the order for relief, the creditor would clearly not be entitled to contract interest post-judgment. However, once the order for relief is entered, the debtor's contractual obligation resumes, absent an agreement or a court order altering that contract. That is the creditors "benefit" of bankruptcy. The benefit of foreclosure is the seizing and selling of the collateral. The benefit of bankruptcy is the resumption of the original contract post- petition. But, the period between the entry of judgment and the

entry of the order for relief is governed by state law. The reduction of the permitted interest penalizes the creditor for any delay in returning the property to its highest, best use, by not allowing to to sit derelict. The imposition of the obligation to pay pursuant to the contract after the order for relief protects the creditor from further loss and is consistent with the code's prescription of adequate protection to secured creditors while debtors have use of the collateral. That appears to be the logic that makes the two systems, state law foreclosure and bankruptcy, work together, to protect the creditors interest in maximizing value of this problem account and provide for adequate protection, the state's interest in clearing derelict properties, and the debtor's interest in either surrendering the property or working out a feasible plan to retain the property (either prior to bankruptcy or via a bankruptcy plan) that benefits all parties that find themselves in a bad situation.

In the present case, the debtor is asking: "If the fees charged to a mortgage debt are subject to limitation by applicable state law, and 11 U.S.C. 1322 (e) says that notwithstanding any of the other restrictions set forth in 1322(2), (b(5) or 506(b), what is the interest rate on the secured debt not also restricted to that set by applicable state

law?". The answer is that the interest rate is restricted and asks that the objection be sustained.

                                        Very yours truly,

                                        **/s/ Edward Hanratty**
                                        EDWARD HANRATTY, ESQ.
                                        For the firm